IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Joshua James Grigsby, | : |
|     Plaintiff | : Case 2:04-cv-882 |
| v. | : Judge Frost |
| Gary Sims, *et al.*, | : Magistrate Judge Abel |
|     Defendant | : |

**ORDER**

    This matter is before the Magistrate Judge on Plaintiff Joshua J. Grigsby's June 3, 2005 unopposed motion for leave to file an amended complaint to include claims under Religious Land Use and Institutionalized Persons Act of 2000 and said amendments (doc. 40).  Grigsby's complaint alleges that Defendants violated his free exercise rights as protected by the First and Fourteenth Amendments by requiring him to work on his Holy Sabbath while he was incarcerated at the Lebanon Correctional Institution.  In his motion to amend, Grigsby seeks to add a claim stating Defendants conduct also violated RLUIPA.

    Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend the complaint after a responsive pleading has been filed only by leave of court, but requires that such leave "be freely granted when justice so requires."  Rule 15(a), Fed. R. Civ. P.  That standard was construed by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.--the leave sought should be "freely given."  Of course, the grant or denial of an opportunity to amend is

within the discretion of the District Court . . . .

*See, Duggins v. Steak 'N Shake,* 195 F.3d 828, 834 (6th Cir. 1999).

One issue to consider is whether Grigsby unreasonably delayed in amending his pleadings because Defendants' motion for summary judgment has already been ruled upon. However, delay alone is not a ground for denying leave to amend. *Dana Corporation v. Blue Cross & Blue Shield Mutual,* 900 F.2d 882, 888 (6th Cir. 1990). The party opposing leave to amend must demonstrate significant prejudice. *Duggins,* 195 F.3d at 834; *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). The Court determines prejudice considering

> whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994). The longer the period of unexplained delay, the lesser the burden of demonstrating prejudice. *Id.* Courts have frequently found prejudice where the amendment is made after the discovery deadline has passed, *Duggins,* 195 F.3d at 834 (Amendment sought after discovery and case dispositive motions deadlines had passed and while a motion for summary judgment was pending); *United States v. Midwest Suspension and Brake,* 49 F.3d 1197, 1202 (6th Cir. 1995) (Amendment sought one month before trial); *Priddy v. Edelman,* 883 F.2d 438, 446 (6th Cir. 1989); *Janikowski v. Bendix Corporation,* 823 F.2d 945, 952 (6th Cir. 1987), or on the eve of trial. *Ferguson v. Neighborhood Housing Services, Inc.,* 780 F.2d 549 (6th Cir. 1986). A party who moves to amend late in the lawsuit has "an increased burden to show justification for failing to move earlier." *Wade v. Knoxville Utilities Board,* 259 F.3d 452, 459 (6th Cir. 2001)(Citation omitted). Nonetheless, even amendments made on the eve of trial are permissible when there is no demonstrable prejudice. *United States v. Wood,* 877 F.2d 453, 456-

57 (6th Cir. 1989)(Amendment permitted three weeks before trial). Further, even if there is prejudice, the Court may be able to fashion a remedy, such as assessing the moving party the costs of duplicative discovery, which would permit the amendment. *See, Janikowski,* 823 F.2d at 952; *Moore v. Paducah,* 790 F.2d 557, 562 (6th Cir. 1986); *Adkins v. International Union,* 769 F.2d 330, 334 (6th Cir. 1985).

On May 31, 2005 the Supreme Court issued its decision in *Cutter v. Wilkinson*, ____ U.S. _____ (2005); 125 S.Ct. 2113. Prior to this ruling, the Sixth Circuit had held that the Religious Land Use and Institutionalized Persons Act ("RLUIPA") as applied to institutionalized persons, 42 U.S.C. § 2000cc-1, violated the Establishment Clause of the First Amendment by improperly advancing religion. *See Cutter v. Wilkinson*, 349 F.3d 257 (2003). In its decision, the Supreme Court held that the RLUIPA provision at issue was not unconstitutional. RLUPIA states in pertinent part:

> "[n]o [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling governmental interest" and does so by the "the least restrictive means."

*Cutter,* 125 S.Ct. at 2118 (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)).

Grigsby filed his complaint on September 14, 2004; this is after the decision was issued by the United States Court of Appeals for the Sixth Circuit and prior to the Supreme Court's decision in *Cutter*. Until the Supreme Court issued its decision, uncertainty existed as to whether Grigsby could bring a claim pursuant to RLUIPA. Defendants have not opposed Grigsby's motion. While, potentially, there is some degree of prejudice that may affect Defendants by allowing amendment, it is difficult to anticipate what that prejudice may be. The facts that Grigsby alleges to state a First Amendment violation in his original complaint are the same facts used to form the RULIPA

claim. There is no scheduling order currently in place, and Defendants should have been aware that following the Court's decision in *Cutter*, Grigsby might seek to add a claim pursuant to this provision.

Accordingly, Joshua J. Grigsby's June 3, 2005 motion for leave to file an amended complaint to include claims under Religious Land Use and Institutionalized Persons Act of 2000 and said amendments (doc. 40) is **GRANTED.** Plaintiff is **DIRECTED** to file an amended complaint within thirty (30) days of the date of this Order.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P. and Eastern Division Order No. 91-3, pt. F., 5 either party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge