IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOSHUA J. GRIGSBY,                              :

                    Plaintiff,                 :        Civil Action 2:04-cv-882

      v.                                       :        Judge Frost

REVEREND GARY SIMS, *et al.*,                  :        Magistrate Judge Abel

                    Defendants.                :


## ORDER

This matter is before the Court on plaintiff Joshua J. Grigsby's July 3, 2006 objections to

the Magistrate Judge's June 28, 2006 Report and Recommendation, which recommended

granting defendants' motion for summary judgment (doc. 63).  At the time of filing this action,

Grigsby was an inmate at the Lebanon Correctional Institution ("LCI").  He alleges that

defendants, a number of prison officials, violated his free exercise rights by requiring him to

work on four alternating Sundays in violation of his genuinely held religious beliefs.

When Grigsby arrived at LCI in July 2004, he executed a religious affiliation intake

form.  Thibeault Aff. at ¶ 5.  At that time, Grigsby did not indicate that he had any religious

affiliation.  On Sunday September 5, 2004, Grigsby began working in LCI's food services,

which according to defendants is a common work position for new inmates.  He continued

working in this position until October 28, 2004 when he had gained enough seniority to transfer

to a different job.  LeForge Aff. at ¶ 4.  While working in food services, inmates are required to

work alternating days.  *Id*. at ¶ 3.  Accordingly, while assigned to this position, Grigsby was

required to work four Sundays: September 5; September 19; October 3; and October 17.

1

Despite not indicating his religious affiliation on the religious affiliation intake form, Grigsby maintains that he is a Christian, and he should not be required to work on Sunday.  He alleges that on August 5, 2004, he filed a religious accommodation request with defendant prison Chaplain Benton asking that he be excused from working on the Sabbath.  Pl.'s Mot. for Immediate Prelim. Inj., p. 3.  On August 17, Benton and Moore denied Grigsby's request.  *Id.* An appeal was made to the warden, and on August 27, 2004, the decision denying his request was affirmed.  *Id.*  Grigsby executed his complaint on September 2, and it was filed in this Court on September 14, 2004.  He names the following defendants: Reverend Gary Sims, Religious Services Administrator of LCI; Ernie Moore, Warden of LCI; and Chaplain Benton, Chaplain of LCI.

On February 19, 2005, Grigsby was released on post release control.  However, in his May 16, 2006 motion to reinstate claim for injunctive relief and notice of change of address, Grigsby states that he has returned to LCI.

Defendants moved for summary judgment arguing that prison officials are entitled to great deference when making regulations that implicate prison security concerns and prison operations, the only reason Grigsby sought a religious accommodation was because of the undesireability of his job assignment, and Grigsby has a number of alternatives available for exercising his religion.

The Magistrate Judge recommended granting defendants' motion reasoning that defendants' regulation served inmate security and Grigsby had not made any assertions to rebut defendants' claims.   Further, there were ample alternative ways that Grigsby could observe his faith: he could possess and study religious material, attend mass on different days and times, and

he could attend prison ministry activities.  Finally, the Magistrate Judge determined that Grigsby

had not presented any evidence that supported his claim that his accommodation request was

based on a genuinely held religious belief.

Grigsby objects to the Report and Recommendation stating that his Christian beliefs are

sincerely held.  Further, he argues that the prison's failure to implement a different work

schedule violates the Religious Land Use and Incarcerated Persons Act ("RLUIPA").  Grigsby

states that the prison should adopt a five day consecutive work-week schedule with two

consecutive days off would readily allow the prison to accommodate his request.  He also argues

that accommodating his religious schedule would not jeopardize prison safety and inconvenience

prison administration. Accordingly, insufficient reasons exist for failing to accommodate his

request.

RLUIPA provides in pertinent part: "'No government shall impose a substantial burden

on the religious exercise of a person residing in or confined to an institution' unless the burden

furthers 'a compelling governmental interest,' and does so by 'the least restrictive means.'"

*Cutter v. Wilkinson,* 544 U.S. 709, 712 (2005) (quoting 42 U.S.C. 2000cc-1(a)(1)-(2)).

"'RLUIPA bars inquiry into whether a particular belief or practice is 'central' to a prisoner's

religion,' but 'does not preclude inquiry into the sincerity of a prisoner's professed religiosity.'"

*Buchanan v. Burbury*, 2006 WL 2010773, at * 3 (July 17, 2006 N.D. Ohio) (slip copy) (quoting

*Cutter*, 544 U.S. at 725 n. 13)); *Weaver v. Jago*, 675 F.2d 116 (6th Cir. 1982) (stating that in

order to warrant First Amendment protection, a request must be based on a sincerely held

religious belief).  "The 'exercise of religion' often involves not only belief and profession but the

performance of . . . physical acts [such as] assembling with others for a worship service [or]

3

participating in sacramental use of bread and wine'" *Buchanan*, 2006 WL 2010773, at * 3

(quoting *Cutter*, 544 U.S. at 720 (quoting *Employment Div., Dep't of Human Resources of Ore.

v. Smith,* 494 U.S. 872, 877 (1990))).

Recently in the *Buchanan* case an inmate sought a number of religious accommodations

including that he be excused from work so that he could observe his Holy Sabbath. *Buchanan*,

2006 WL 2010773.  The prison argued that granting the accommodations would create a security

risk and open the "floodgates" for other inmate requests.  *Id*. at 2.  The court stated that by

failing to accommodate the inmate's requests, the prison had "substantially burdened his core

religious beliefs.*"  Id.*  It reiterated the discussion in *Cutter,* that RLUIPA's strong language

does not override the prison's interests in maintaining safety and security or the belief that prison

officials are better equipped and have greater expertise in regulating prisons and that courts must

accord them great deference when evaluating those policies and procedures that impact prison

safety and security.  *Id.*  RLUIPA does, however, require that prison officials submit more than

just a conclusory assertion that the regulation serves prison safety and security.

In this case, Grigsby has not presented any evidence that he is a practicing Christian who

sincerely believes that based on his faith he must be relieved from working on Sundays.  The

evidence shows that Grigsby did not identify any religious affiliation or preference upon entering

LCI.  However, this fact alone does not necessarily preclude Grigsby's claim that he is a

Christian seeking to observe the Sunday Sabbath.  *See Love v. Reed*, 216 F.3d 682, 687-88 (8th

Cir. 2000) (plaintiff changing and developing his religious beliefs after being incarcerated).

Defendants have also submitted the November 19, 2004 affidavit of Arthur Thibeault, which

states that LCI's prison file kept on inmates' religious activities shows that Grigsby has not

attended mass during either Monday or Sunday worship services, he has not attended mass on either Saturday or Sunday services, he has not attended Bible studies offered on Wednesday mornings and evenings, he has not participated in Kairos prison ministry activities on weekends, and he has not conferred with or received any spiritual counseling from LCI chaplains since his incarceration began.   Thibeault Aff. ¶¶ 2, 4, and 5.

Grigsby responds by arguing that he has not attended mass because "church services are dominated by child molesters and homosexuals." Objections ¶ 1.  He does not state why he did not participate in other Christian religious services offered by the prison.  He has not submitted a sworn statement or other evidence to support his claim that his religious accommodation is sought for genuinely held religious beliefs.  He has not stated why it is imperative to his sincerely held beliefs that he be relieved of his work obligations–only that it is a basic tenet of his religion.  Based on the uncontradicted evidence presented by defendants, plaintiff has failed to offer any evidence from which a finder of fact could conclude that working on alternating Sundays would violate Grigsby's sincerely held religious beliefs.

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **GRANTS** defendants' February 15, 2006 motion for summary judgment (doc. 50).  Plaintiff Joshua J. Grigsby's July 3, 2006 objections to the Magistrate Judge's June 28, 2006 Report and Recommendation (doc. 63) are **OVERRULED**.  The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants.  This action is **DISMISSED**.

 /s/ Gregory L. Frost
Gregory L. Frost, Judge
United States District Court

5